# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00822-CV

**Kent-Shay Brown, Jr., Appellant**

**v.**

**Lacey Brown, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
### NO. 15-3090-FC3, THE HONORABLE DOUG ARNOLD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kent-Shay Brown, Jr. filed a notice of appeal on November 12, 2019, stating that he was appealing from the judgment of November 6, 2019, but the clerk's record does not contain a judgment.

On December 5, 2019, the Clerk of this Court advised appellant that it appears that this Court lacks jurisdiction over this matter because this Court's jurisdiction generally is limited to appeals in which there exists a final and appealable judgment or order which has been signed by a judge. The Clerk requested that he file a response by December 16, 2019, explaining how this Court may exercise jurisdiction over this appeal and advised him that the failure to do so would result in the dismissal of this appeal. *See* Tex. R. App. P. 42.3(a). Appellant filed a response confirming that there was no signed judgment but asking for more time.

On December 13, 2019, we abated the appeal for 30 days to give appellant time to obtain a signed judgment and to request a supplemental clerk's record containing the judgment. We also advised appellant that the failure to comply with this Court's order would result in dismissal of this appeal for want of jurisdiction.

To date, no supplemental clerk's record has been filed that contains a final judgment or other appealable order. *See Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *McKinnon v. Wallin*, No. 03-18-00612-CV, 2019 Tex. App. LEXIS 552, at *3 (Tex. App.—Austin Jan. 30, 2019, no pet.) (mem. op.) (dismissing appeal because appellant failed to identify final judgment or appealable order that would support court's jurisdiction). Because appellant has failed to demonstrate this Court's jurisdiction over this appeal, we reinstate this appeal and dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: January 24, 2020

2